UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK CHARLES MENDIOLA,<br><br>    Plaintiff,<br><br> v.<br><br>J. KING, et al.,<br><br>    Defendants. | No. 2:23-cv-01512 DB P<br><br><br>ORDER |

Plaintiff, an inmate at Mule Creek State Prison, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on July 24, 2023, is before the court for screening.

As set forth below, the complaint states a claim against defendants Celestine and King but does not state a claim against defendant Leau.[1] Plaintiff is granted leave to amend. Within 30 days, plaintiff must inform the court how he will proceed.

////

---

[1] Defendant Leau's name is currently entered into the docket as "Leav"; if plaintiff states a cognizable claim against defendant Leau, the court will direct the Clerk of the Court to correct the spelling of the defendant's name.

1

## I. In Forma Pauperis

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). The motion is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of 20% of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "give

1 the defendant fair notice of what the... claim is and the grounds upon which it rests." Id. In
2 reviewing a complaint under this standard, the court accepts as true the allegations of the
3 complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer
4 v. Rhodes, 416 U.S. 232, 236 (1974).

### III.   Allegations in the Complaint

On August 11, 2022, plaintiff arrived at California State Prison – Solano. (ECF No. 1 at 3.) Plaintiff was placed in a holding cell by Officers J. King and L. Celestine, and neither secured the door. (Id.) Plaintiff alleges "these officers had their RnR inmate worker Calzonci" come in the cell to assault plaintiff. (Id.) Plaintiff and Calzonci were fighting and moved into the hallway. (Id. at 3-4.) Celestine yelled "get down" and plaintiff tried to follow instructions and drop to the floor as Colzonci kept battering plaintiff. (Id.) Celestine released his pepper spray directly in plaintiff's eyes, face, neck, and chest. (Id.) Celestine aggressively cuffed plaintiff and stood him up. (Id. at 4-5.) Celestine and King took plaintiff outside to wash off the chemicals. (Id. at 6.) After the incident, Lieutenant S. Leau told plaintiff to stay quiet about the incident or he would get more time added to his release date. (Id.)

The complaint indicates plaintiff is asserting violations of his rights under the Eighth Amendment. (ECF No. 1 at 3, 5.) Plaintiff seeks monetary damages. (Id. at 8.)

### IV.   Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a constitutional right or federal law under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The court considers below whether plaintiff has alleged a deprivation of a constitutional right by each of the three named defendants.

#### A.   Officers King and Celestine

Plaintiff states a cognizable claim under the Eighth Amendment against defendants King and Celestine. Excessive force in violation of the Eighth Amendment occurs when prison officials apply force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 7-7 (1992); see also Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). The relevant factors may include (1) the need for

application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7. Plaintiff may proceed against defendant Celestine on a claim of excessive force under the Eighth Amendment based on Celestine's alleged release of pepper spray directly in plaintiff's eyes, face, neck, and chest while plaintiff was being battered and allegedly attempting to comply with orders.

In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) was objectively, sufficiently serious, and (2) the official was deliberately indifferent to inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. Plaintiff may proceed against defendants King and Celestine on a failure to protect claim under the Eighth Amendment based on allegations that King and Celestine directed an inmate worker to enter plaintiff's cell and assault him.

### B. Lt. Leau

To the extent Lt. Leau allegedly threatened plaintiff and instructed him to stay quiet about the incident, plaintiff has not alleged a constitutional wrong. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Plaintiff does not state a retaliation claim under the First Amendment because he does not allege he was engaged in any protected conduct. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") (footnote omitted); see also Watison v. Carter, 668 F.3d 1108, 1114 (2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

////

Plaintiff also has not stated a claim against Lt. Leau under the Eighth Amendment. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard are not enough to implicate Eighth Amendment). Verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997), overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). Allegations of mere threats are simply not cognizable under 42 U.S.C. § 1983. See Gaut, 810 F.2d at 925 (a mere threat does not constitute a constitutional wrong, and an allegation that the threat was for the purpose of denying access to courts does not compel a contrary result). Accordingly, plaintiff's allegations about Lt. Leau's alleged threat fail to state a cognizable claim under 42 U.S.C. § 1983.

**V.      Conclusion and Order**

The complaint states cognizable claims against defendants King and Celestine for allegedly violating plaintiff's rights under the Eighth Amendment. No other claims are stated, but plaintiff is granted leave to amend. Plaintiff may use the attached form to notify the court whether he will proceed on the complaint as screened or amend the complaint.

If plaintiff chooses to file an amended complaint, he has thirty days so to do. This opportunity to amend is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint should be titled "First Amended Complaint" and should reference the case number.

In the alternative, plaintiff may proceed on the complaint, as screened. Following receipt of a notice from plaintiff electing to proceed on the complaint as screened, the court will order service on defendants King and Celestine only.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

////

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. The complaint (ECF No. 1) states cognizable claims against defendants King and Celestine for allegedly violating plaintiff's rights under the Eighth Amendment.

5. Within thirty (30) days of the date of this order plaintiff shall notify the court how he chooses to proceed. Plaintiff may use the form included with this order for this purpose.

6. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: January 30, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
mend1512.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK CHARLES MENDIOLA,<br><br>    Plaintiff,<br><br>  v.<br><br>J. KING, et al.,<br><br>    Defendants. | No. 2:23-cv-01512 DB P<br><br><br>NOTICE OF ELECTION |

Select one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on claims against defendants King and Celestine for allegedly violating plaintiff's rights under the Eighth Amendment. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____    _____

                                Erick Charles Mendiola
                                Plaintiff pro se